# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

No 11-CV-1013 (JFB) (WDW)
_____

EDWARD VAIANA,

Plaintiff,

VERSUS

NASSAU COUNTY DEPARTMENT OF CORRECTION AND CORPORAL KOCH,

Defendants.

_____

**MEMORANDUM AND ORDER**
February 21, 2012
_____

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Edward Vaiana ("plaintiff" or "Vaiana") brings this action pursuant to 42 U.S.C. § 1983 against defendants, the Nassau County Department of Correction ("NCDC") and Corporal Koch ("Koch") (collectively the "defendants"), alleging that the defendants violated his Eighth Amendment rights[1] by depriving him of an extra blanket on one occasion while he was incarcerated at Nassau County Correctional Facility ("NCCF") and because he was subjected to verbal abuse by defendant Koch during the incident. Defendants now move to dismiss the complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] For the reasons set forth below, the complaint is dismissed in its entirety.

---

[1] Plaintiff has failed to identify the specific constitutional right allegedly infringed. However, construing the plaintiff's complaint liberally, the court is analyzing plaintiff's claim as if he had specifically alleged a violation of his Eighth Amendment Rights.

[2] As a threshold matter, the Court notes that the NCDC is an "administrative arm[ ]" of the municipal entity, the County of Nassau, and thus lacks the capacity to be sued as a separate entity. *See, e.g.*, *Caidor v. M & T Bank*, No. 05-CV-297, 2006 WL 839547, at *2, 2006 U.S. Dist. LEXIS 22980, at *6–7 (N.D.N.Y. Mar. 27, 2006) ("'Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued.'" (quoting *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002))). As such, the Court will construe plaintiff's complaint as lodged against the County of Nassau.

## I. FACTS

The following facts are taken from the complaint and are not finding of fact by the Court. Instead, the Court assumes these facts to be true for purposes of deciding the pending motion to dismiss and will construe them in a light most favorable to plaintiff, the non-moving party.

On January 26, 2011,[3] at approximately 9:00 a.m., there was a random cell search at the NCCF. (Compl. at 5.) Plaintiff was in cell 36. (*Id.* at 5.) When Koch searched plaintiff's cell he discovered that plaintiff had an extra blanket. (*Id.*) Koch took the extra blanket and plaintiff asked Koch if he could keep his extra blanket because he had been diagnosed with a serious illness and did not want to get sick. (*Id.*) Koch allegedly responded in a verbally abusive manger. (*Id.*) Koch then allegedly took the extra blanket and threw it over the railing of the second level tier. (*I*d.) Plaintiff filed a grievance a few days later. (*Id*. at 5.)

## II. PROCEDURAL HISTORY

On February 3, 2011, plaintiff filed the instant action.[4] On May 4, 2011, defendants requested a pre-motion conference in anticipation of filing its motion to dismiss. This Court waived the pre-motion conference and set a briefing schedule for defendants' motion to dismiss. The defendants submitted their motion to dismiss on June 6, 2011. Defendants then submitted their motion to dismiss again on June 7, 2011, with a letter explaining that in the original motion filed the table of authorities was accidently excluded and the wrong exhibit was inadvertently attached. The order setting the briefing schedule required that plaintiff file his opposition to the motion on or before July 6, 2011; however, plaintiff failed to submit an opposition to the motion.

On August 25, 2011, defendants requested that this Court consider the defendants' motion to dismiss to be fully briefed and grant it as unopposed. On December 1, 2011, the Court issued an Order directing that plaintiff respond in writing within 14 days as to why the action should not be dismissed for failure to prosecute. By letter dated December 6, 2011, plaintiff submitted a letter claiming that there were problems with service of the motion and that he did not want the case to be dismissed. On December 9, 2011, the Court issued an Order directing re-service of the motion and giving plaintiff until January 16, 2012 to file his opposition. On December, 13, 2011, counsel for defendants submitted a letter confirming service of the motion. However, plaintiff did not submit any opposition papers by the deadline of January 16, 2012 set by the Court, nor did the plaintiff communicate with the Court to ask for an extension.

On February 14, 2012, the Court conducted a telephone conference. During the conference, the Court advised the plaintiff that (1) the Court was dismissing the complaint, and explained the reasons for that dismissal (which are set forth herein); and (2) the Court would give plaintiff leave

---

[3] Plaintiff's complaint fails to state the year in which this incident occurred. However, based on when the complaint was filed, for the purposes of this decision, the court assumes that the incident occurred in 2011.

[4] In addition to alleging that the action be dismissed because the plaintiff fails to state a claim, defendants also argue that the action should be dismissed because plaintiff failed to serve the "individual county defendants" properly because only notice was given. However, the only individual defendant named in this case was personally served on June 7, 2011. In any event, the Court finds that plaintiff has failed to state a claim for the reasons stated herein, and that the complaint should be dismissed.

to re-plead to attempt to address the defects in his complaint. Plaintiff stated during the conference that he did not wish to amend the complaint, and did not wish to proceed with the case. Thus, he requested that the Court dismiss his case.

### III. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662, 129 S. Ct. 1937 (2009). The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S.Ct. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

Where, as here, the plaintiff is proceeding *pro se*, "[c]ourts are obligated to construe the [plaintiff's] pleadings . . . liberally." *McCluskey v. New York State Unified Ct. Sys.*, No. 10-CV-2144 (JFB)(ETB), 2010 WL 2558624, at *2 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008)); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). A *pro se* plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 Fed. App'x 60, 61 (2d Cir. 2010) (citing *Iqbal*, 129 S.Ct. at 1949); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

### IV. DISCUSSION[5]

To prevail on a claim under Section 1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

Here, plaintiff claims that he was subjected to harassment and mental anguish

---

[5] Although plaintiff failed to file any opposition to defendants' motion, the Court declines to grant the motion solely on the ground that it is unopposed and, instead, has analyzed the merits of plaintiff's claims. For the reasons set forth herein, the Court finds that plaintiff has failed to state a claim against NCDC, Nassau County or Koch under § 1983, and plaintiff's claims against the defendants are therefore dismissed.

3

on a particular day when Koch allegedly took plaintiff's extra blanket away, and made a verbally abusive and derogatory statement to him during the incident. Construing plaintiff's complaint liberally, this Court treats plaintiff's allegations as a claim that his Eighth Amendment rights were violated. Defendants now move to dismiss the complaint on the ground that, *inter alia*, plaintiff has failed to state a claim as a matter of law because the allegations against defendants as stated in the complaint do not rise to the level of a federal or constitutional deprivation, and do not allege a plausible *Monell* claim. The Court agrees. For the reasons set forth below, even accepting all the allegations in the complaint as true, and construing them in the light most favorable to plaintiff, the claims fail as a matter of law, and the complaint is dismissed.[6]

A. Defendant Koch

Plaintiff appears to be claiming that, when Koch threw his extra blanket over the second tier level and verbally abused him, he was subjected to cruel and unusual punishment because the conditions of his confinement violated contemporary standards of decency. *See Day v. Warren*, 360 Fed. App'x 207, 208 (2d Cir. 2010); *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002). A prisoner alleging this type of claim "may prevail only where he proves both an objective element – that the prison officials' transgression was 'sufficiently serious' – and a subjective element – that the officials acted, or omitted to act, with a 'sufficiently culpable state of mind,' i.e., with 'deliberate indifference to inmate health or safety.'" *Phelps*, 308 F.3d at 185 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).

The objective requirement "'does not mandate comfortable prisons,' [but] prisoners may not be denied 'the minimal civilized measure of life's necessities.'" *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Thus, the Eighth Amendment requires that prisoners receive their "basic human needs – e.g., food, clothing, shelter, medical care, and reasonable safety." *Helling v. McKinney*, 509 U.S. 25, 32, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993) (citation and internal quotation marks omitted). Prison officials also may not "pose an unreasonable risk of serious damage to [prisoners'] future health." *Id*. at 35, 113 S.Ct. 2475. Thus, "[o]nly deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quotation marks omitted).

Regarding the subjective requirement, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

---

[6] Defendants also argue (in the alternative) that plaintiff failed to meet the requirements of the Prisoner Litigation Reform Act by asserting that he has exhausted all available administrative remedies. In particular, although the complaint does state that plaintiff filed a grievance (which is pending), it does not indicate that he followed the three-step administrative review process. In addition, defendants assert that plaintiff has failed to allege a physical injury as required under the Act. The Court agrees with defendants' arguments that plaintiff has failed to properly allege compliance with the Prison Litigation Reform Act. Thus, this ground provides an alternative basis for dismissal.

*Phelps,* 308 F.3d at 185–86 (quoting *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970).

In this case, taking the plaintiff's allegations as true, the act of taking Vaiana's blanket away on a cold day does not amount to an Eighth Amendment violation. The Second Circuit has held that an Eighth Amendment violation can be found when a plaintiff is subjected to extreme cold for an extensive period of time. *See Corselli v. Coughlin*, 842 F.2d 23, 27 (2d Cir. 1988) (plaintiff intentionally exposed to bitter cold for period of three months); *Wright v. McMann*, 387 F.2d 519, 526 (2d Cir. 1967) (holding that "[c]ivilized standards of human decency simply do not permit a man for a substantial period of time to be denuded and exposed to the bitter cold of winter in northern New York State and to be deprived of the basic elements of hygiene such as soap and toilet paper"). However, in this case, Vaiana only alleges one isolated incident where he was deprived of the use of an extra blanket. Thus, plaintiff has not alleged sufficient facts to satisfy the objective prong, and therefore, his claim does not rise to the level of a deprivation of his Eighth Amendment rights.

Additionally, as a matter of law, the alleged comment by Koch cannot possibly satisfy the objective element of the Eighth Amendment prohibition on cruel and unusual punishment – namely that the conduct was sufficiently serious to rise to the level of a constitutional violation. "Generally, mere verbal abuse, and even vile language, does not give rise to a cognizable claim under 42 U.S.C. § 1983." *Petway v. City of New York*, No. 02-CV-2715 (NGG)(LB), 2005 WL 2137805, at *3, (E.D.N.Y. Sept. 2, 2005) (citing *Beal v. City of New York*, 92-CV-0718, 1994 WL 163954, at *6 (S.D.N.Y. Apr. 22, 1994)). Thus, Koch's alleged derogatory statement, although deplorable and reprehensible if it was made, does not amount to a constitutional violation. Thus, the claim against Koch, as pled in the complaint, fails as a matter of law to state a plausible Eighth Amendment violation under Section 1983, and thus must be dismissed.

B. Nassau County

Although plaintiff's allegations do not make this clear, the Court liberally construes his claim against Nassau County to be on the theory of *respondeat superior* in connection with the administration of the Nassau County Correctional Facility. Although local governments may be sued pursuant to 42 U.S.C. § 1983, liability is limited to constitutional violations that occurred as a result of a government's policy or custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). However, plaintiff's complaint fails to allege a policy or custom that could form the basis for a *Monell* claim against the County, arising from the alleged incident.

Under *Monell*, a municipal entity may be held liable under Section 1983 where a plaintiff demonstrates that the constitutional violation complained of was caused by a municipal "policy or custom." 436 U.S. at 694-95; *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) *superseded in part on other grounds by* the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071, amending 42 U.S.C. § 1981 (citing *Jett v. Dallas Indep. Sch. Dist*., 491 U.S. 701, 733-36 (1989), and *Monell*, 436 U.S. at 692-94). "The policy or custom need not be memorialized in a specific rule or regulation." *Kern v. City of Rochester*, 93 F.3d 38, 44 (2d Cir. 1996) (citing *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870 (2d Cir. 1992)). A policy, custom,

or practice of the municipal entity may be inferred where "'the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction.'" *Patterson*, 375 F.3d at 226 (quoting *Kern*, 93 F.3d at 44).

However, a municipal entity may only be held liable where the entity itself commits a wrong; "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *see also Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation."); *Ricciuti v. NYC Transit Auth.*, 941 F.2d 119, 122 (2d Cir. 1991) ("A municipality and its supervisory officials may not be held liable in a § 1983 action for the conduct of a lower-echelon employee solely on the basis of *respondeat superior*."); *Vippolis v. Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) ("A plaintiff who seeks to hold a municipality liable in damages under section 1983 must prove that the municipality was, in the language of the statute, the 'person who . . . subject[ed], or cause[d] [him] to be subjected,' to the deprivation of his constitutional rights.") (citing 42 U.S.C. § 1983); *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) ("A municipality may not be held liable in an action under 42 U.S.C. § 1983 for actions alleged to be unconstitutional by its employees below the policymaking level solely on the basis of *respondeat superior*.").

In the instant case, the Court concludes that plaintiff's *Monell* claim against the County pursuant to Section 1983 must be dismissed as a matter of law because plaintiff has failed to identify any policy or custom that is the basis for such a claim in connection with single incident of which he complains. *See, e.g.*, *Walker v. City of New York*, No. 07-CV-1543 (JG)(LB), 2007 WL 1340252, at *2 (E.D.N.Y. May 4, 2007) (dismissing the claim against the City of New York where "there are no facts alleged in the complaint to support a claim against the City of New York. Even liberally construing plaintiff's claim, nothing suggests that the alleged constitutional violations were attributable to any municipal policy or custom."); *Tropeano v. City of New York*, No. 06-CV-2218 (SLT), 2006 WL 3337514, at *4 (E.D.N.Y. Oct. 31, 2006) ("The municipality cannot be held liable simply on a theory of respondeat superior . . . plaintiff cannot prevail where as here she has not identified a policy or custom that caused the denial of a constitutional right. Therefore, the Court dismisses the claims against the City of New York"). The isolated act is not sufficient to support an inference of a municipal policy. Because plaintiff has failed to establish that he suffered from a constitutional injury as the result of a policy or custom of the defendant Nassau County, plaintiff's *Monell* claim is dismissed.

### V. LEAVE TO REPLEAD

The Second Circuit has emphasized that

> A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations

omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However, leave to re-plead can be denied where it is clear that no amendments can cure the pleading deficiencies and any attempt to replead would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied").

Although plaintiff may not be able to correct these pleading defects, the Court, in an abundance of caution, planned to allow plaintiff the opportunity to attempt to address the defects in an amended complaint. Specifically, at the conference on February 14, 2011, the Court made clear that it would give plaintiff an opportunity to re-plead to correct the defects in the complaint identified by the Court. However, plaintiff stated that he did not wish to file an amended complaint and did not want to proceed with the case. Instead, he requested that the Court dismiss his lawsuit. Accordingly, given that plaintiff has declined to re-plead and requested that his case be dismissed, leave to re-plead is unwarranted.

## VI. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is granted. The Clerk of the Court shall enter judgment accordingly and close the case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: February 21, 2012
Central Islip, NY

\* \* \*

Plaintiff is representing himself *pro se*: Edward Vaiana, Nassau County Correctional Center, 100 Carman Avenue, East Meadow, NY 11554. The attorney for the defendants is: Peter A. Laserna, Nassau County Attorney's Office, One West Street, Mineola, New York 11501.

7